ANDERSON, Justice,
for the Court:
The question before us is whether the appellee, Wesley Grisham, was divested of his rights to claim homestead exemption by virtue of his conviction for murder and sentence of life imprisonment. The Circuit Court of Clay County held that such conviction and imprisonment did not deprive ap-pellee of his right of homestead exemption. We affirm.
On May 19, 1982, appellee Wesley Gris-ham shot and killed Wesley Roberts, father of appellant Dana Roberts and husband of appellant Carolyn Roberts.
On October 6,1982, the grand jury of the Clay County Circuit Court indicted appellee for the murder of Roberts. On this same day, appellants filed a civil suit against appellee seeking damages for the wrongful death of Wesley Roberts.
On September 9, 1983, the appellee Gris-ham was convicted of the murder of Roberts and sentenced to life imprisonment.
On January 18, 1984, a jury verdict was returned in the wrongfuul death action against Grisham awarding appellants $2 million in actual damages and $30,000 punitive damages.
Appellee’s home, worth approximately $30,000, is his only asset from which the wrongful death judgment can be satisfied. Appellee’s wife died in November 1983 and the home (at time of filing) was unoccupied. The appellee also owned two cars — both of which he transferred to other parties — one on the date the wrongful death action began. These were transferred under the $6,500 personal property exemption permitted by Mississippi Code Annotated, Section 85-3-1 (1982).
Grisham instituted an action for declaratory judgment in Chancery Court, naming appellants as defendants and seeking an adjudication that appellee’s residence was homestead property and therefore exempt from execution under Mississippi Code Annotated, Section 85-3-21 (1982).
The circuit court entered judgment sustaining Grisham’s motion for summary judgment finding that he was entitled to *941 homestead exemption on the residence in question.
Appellee, who was 73 years of age, testified that he intended to return home, but evidence was introduced that he had asked a realtor to sell the house while he was in prison and also that he had executed a deed of trust on the home to his attorney, while having no other assets to satisfy this debt except the home.
Appellants bring this appeal mainly on the ground that appellee’s conviction for murder and life sentence effectively divests him of his right to homestead exemption on his residence.
The only issue this Court find it necessary to address is appellant’s contention that Grisham was not entitled to the homestead exemption because he had no legal right to occupy the property and that by voluntarily murdering Wesley Roberts, Grisham abandoned any claim to homestead that he would otherwise have.
Appellants’ claim that appellee had abandoned his homestead by virtue of his imprisonment is not supported by law. Lindsey v. Holley, 105 Miss. 740, 63 So. 222 (1913), addressed the issue of homestead exemption where the exemptionist was in jail and his spouse had moved from the land. This Court cited the 1906 Code section, which is basically identical to MCA § 85-3-43 wherein it is stated:
Whenever the debtor shall cease to reside on his homestead, it shall be liable to his debts, unless his removal be temporary, by reason of some casualty or necessity, and with the purpose of speedily reoccupying it as soon as the cause of his absence can be removed.
In Lindsey the Court held that the ex-emptionist
“did not voluntarily leave his homestead. He was required to go because of his arrest and imprisonment. He ceased to reside on the homestead out of necessity arising from his confinement in jail. So long as he was in prison and could not reside on his homestead, it cannot be said he lost his right thereto by reason of his having abandoned it. Abandonment implies a voluntary act, and there could be no voluntary act by him amounting to an abandonment under the circumstances.” 105 Miss. at 749, 63 So. at 223.
Appellants ask that the court interpret the following statutes to exclude appellee from protection because he was not a member of the class intended to be protected.
§ 85-3-21. Homestead exemption— land and buildings.
Every citizen of this state, male or female, being a householder shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence by him, or her, but the quantity of land shall not exceed one hundred sixty (160) acres, nor the value thereof, inclusive of improvements, save as hereinafter provided, the sum of thirty thousand dollars ($30,000.00); provided, however, that in determining this value, existing encumbrances on such land and buildings, including taxes and all other liens, shall first be deducted from the actual value of such land and buildings. But husband or wife, widower or widow, over sixty (60) years of age, who has been an exemptionist under this section, shall not be deprived of such exemption because of not residing therein.
§ 85-3-43. Homestead liable to debts when debtor ceases to reside thereon.
Whenever the debtor shall cease to reside on his homestead, it shall be liable to his debts, unless his removal be temporary, by reason of some casualty or necessity, and with the purpose of speedily reoccupying it as soon as the cause of his absence can be removed.
While appellants vigorously argue that the appellee is not one of the persons for whom the protection of homestead exemption was intended, the fact remains that both statutes are clear and unambiguous.
In the absence of any exceptions, (which easily could have been included by the legislature if it had intended) and in light of the plain language, interpretation of the *942 statute would not be incumbent upon this Court.
MCA § 85-3-43, has in fact, already been interpreted in effect, by Lindsey v. Holley, supra, which held that incarceration did not constitute abandonment of a homestead. Furthermore, § 85-3-21 clearly states that a widower over 60 years of age, does not have to reside on the property to maintain eligibility.
In this case, the exemptionist was 73 years old and sentenced to life imprisonment. His wife had died and the property was vacant. Yet, the property of this wrongdoer was protected from reach of the victims of his wrongdoings under the shield of protecting the family unit.
The appellants in this case are in a most unfortunate posture and such circumstances should warrant some review of the existing laws by the legislature.
We note, by analogy, that there is a legislatively-created exception which prevents one who voluntarily kills another from inheriting from the deceased under the laws of descent and distribution. See MCA § 91-1-25.
Under the law as it presently stands, absence occasioned by imprisonment — even a life sentence — does not defeat the claim of homestead. This Court therefore has no alternative but to affirm the holding of the trial court on all issues.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
PRATHER, J., not participating.